IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE AIR CONDITIONING, HEATING AND
REFRIGERATION INSTITUTE et al.,

    Plaintiffs,

v.                                                   No. CIV-08-633 MV/RLP

CITY OF ALBUQUERQUE,

    Defendant.

**DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION**

The following is intended to supplement subsection III.B. of the City's Response In Opposition to Motion for Preliminary Injunction, filed September 12, 2008.

**B.    Plaintiffs Have Failed to Demonstrate That Their Claims Are Ripe.**

Recent Tenth Circuit authority supports the notion that Plaintiffs' claims are not ripe for either an "as-applied" or facial challenge. In *United States. v. Friday*, 525 F.3d 938 (2008), the plaintiff challenged his conviction under the Bald and Golden Eagle Protection Act (the "Eagle Act"), 16 U.S.C. § 668 *et seq.*, for killing an eagle, contending that the application of the Eagle Act was precluded by the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 *et seq*, which prevented the government from enforcing laws that substantially burden a person's exercise of religion. *Id.* at 943-46. The Court first held that the plaintiff could not bring an as-applied challenge because he had failed to apply for a permit to kill the eagle under the Eagle Act. *Id* at 951. The plaintiff made only a facial challenge, which "is one that contends the statute is impermissible in all, or at least the 'vast majority[,] of its intended applications." *Id* (quoting *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 n. 5 (2006)). Reversing the

district court, the Court then held that, because there was a permitting process that was not shown to be futile, the plaintiff could not show that the statute was impermissible in the vast majority of intended applications. *Id.* at 956. Similarly, the Court in *City of Roy* considered whether an operator of an adult bookstore could challenge an ordinance requiring certain operators to undergo an onerous licensure procedure as a "sexually oriented business." The plaintiff refused to apply for the license, foregoing an as-applied challenge, and instead challenged the ordinance on its face as an unconstitutional speech restriction. In holding that the language at issue was constitutionally permissible, the Court stated:

> 'Facial challenges are strong medicine' and thus "we must be vigilant in applying a most exacting analysis to such claims.' *Ward v. Utah*, 398 F.3d 1239, 1246-47 (10th Cir. 2005). Though perhaps "efficient in the abstract,' facial challenges risk 'losing the lessons taught by the particular." *Sabri v. United States*, 541 U.S. 600, 609, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004). It is for this reason that a party must show, at a minimum, that the challenged law would be vague in the vast majority of its applications; that is, that 'vagueness permeates the text of [the] law." *City of Chicago v. Morales*, 527 U.S. 41, 55, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999).

*City of Roy*, 465 F.3d at 1157. In this case, the Plaintiffs have not applied for permits and otherwise have not shown that the Code will be applied in a way that somehow leaves them with no other choice but to comply with the prescriptive standards (which is not the case). Accordingly, under these controlling authorities, Plaintiffs cannot challenge the Code.

Dated this 18th day of September, 2008

        STOEL RIVES LLP

        By: /s/ Thomas W. Snyder
        Thomas W. Snyder
        999 18th Street, Suite 2700
        Denver, CO 80202
        (303) 297-7884
        twsnyder@stoel.com

        Adam J. Richins
        101 S. Capitol Blvd., Suite 1900
        Boise, ID 83702
        (208) 389-9000
        ajrichins@stoel.com

        Jeremy D. Sacks
        Bruce W. Klaw
        900 SW Fifth Ave., Suite 2600
        Portland, OR  97204
        (503) 224-3380
        jdsacks@stoel.com
        bwklaw@stoel.com


        CITY OF ALBUQUERQUE
        Robert M. White, City Attorney

        John E. DuBois
        Assistant City Attorney
        Post Office Box 2248
        Albuquerque, New Mexico  87103
        (505) 768-4500
        jdubois@cabq.gov

        Attorneys for City of Albuquerque

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2008, I filed the foregoing **DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

John R. Cooney – *jrcooney@modrall.com*

Leslie M. Padilla – lpadilla@modrall.com

Douglas Baker – dbaker@modrall.com

Attorneys for Plaintiffs

STOEL RIVES LLP

By: /s/ Adam J. Richins
Adam J. Richins
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
ajrichins@stoel.com