IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE AIR CONDITIONING, HEATING AND
REFRIGERATION INSTITUTE et al.,

      Plaintiffs,

v.                                              No. CIV-08-633 MV/RLP

CITY OF ALBUQUERQUE,

      Defendant.

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

Defendant City of Albuquerque (the "City"), in accordance with the Court's September 24, 2008 Order, hereby files its second supplemental response in opposition Plaintiffs' Motion for Preliminary Injunction.

**I.    Plaintiffs Have The Burden of Proof**

The Court's September 24, 2008 Order requested the City to respond to Plaintiffs' assertion that it is impossible to comply with the City's performance-based alternatives using products at the federal minimum efficiency levels. As a facial attack on an ordinance, of course, it is Plaintiffs' burden to show that the ordinance "is impermissible in all, or at least the 'vast majority[,] of its intended applications." *U.S. v. Friday*, 525 F.3d 938, 952 (10th Cir. 2008) (quoting *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 n. 5 (2006)). Plaintiffs have not seriously even attempted to make this showing. Indeed, for Volume I of the Code concerning commercial buildings, Plaintiffs simply argue that the many performance-based alternatives are not allowed as exceptions to preemption and "merit no further discussion here." (Reply, p. 9). For the *four* performance-based options set forth in Volume II, Plaintiffs argue in conclusory

fashion that they are invalid because they effectively require use of products with efficiency standards in excess of the federal minimum standards.

As the City explained in its Response in Opposition to Plaintiff's Motion for Preliminary Injunction, the federal statutes on which Plaintiffs rely are not even triggered for Volume I or Volume II because the prescriptive standards of which Plaintiffs complain are only optional and not mandatory steps toward compliance. Plaintiffs' arguments that these alternatives nevertheless effectively require compliance with the prescriptive efficiency standards – supported by no examples – are inherently incredible. Of particular note, Plaintiffs argue that mandatory LEED certification itself is unlawful because it allegedly effectively requires use of high efficient products. Such a finding – particularly one based on an incomplete record – would be extraordinary and call into doubt similar ordinances across the country.

## II. The Code Is Not Unlawful in All or The Vast Majority of Intended Applications

Attached as Exhibit 1, and incorporated by reference herein, is the Supplemental Declaration of John Bucholz in Opposition to Motion for Preliminary Injunction. As he explains, it certainly is not impossible for Plaintiffs (or anyone) to comply with the Code without using HVAC and water heating products in excess of the federal standards. Mr. Bucholz's testimony establishes that the prescriptive standards are true options and therefore do not even trigger application of the federal statutes at issue.

STOEL RIVES LLP


By: /s/
Thomas W. Snyder
Stoel Rives LLP
999 18th Street, Suite 2700
Denver, CO 80202
(303) 297-7884
twsnyder@stoel.com

Adam J. Richins
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
ajrichins@stoel.com

Jeremy D. Sacks
Bruce W. Klaw
900 SW Fifth Ave., Suite 2600
Portland, OR 97204
(503) 224-3380
jdsacks@stoel.com
bwklaw@stoel.com

CITY OF ALBUQUERQUE
Robert M. White, City Attorney

John E. DuBois
Assistant City Attorney
Post Office Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500
jdubois@cabq.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2008, I filed the foregoing **DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

John R. Cooney – *jrcooney@modrall.com*

Leslie M. Padilla – lpadilla@modrall.com

Douglas Baker – dbaker@modrall.com

Attorneys for Plaintiffs

STOEL RIVES LLP


By: /s/
Thomas W. Snyder
Stoel Rives LLP
999 18th Street, Suite 2700
Denver, CO 80202
(303) 297-7884
twsnyder@stoel.com

Adam J. Richins
101 S. Capitol Blvd., Suite 1900
Boise, ID 83702
(208) 389-9000
ajrichins@stoel.com

Jeremy D. Sacks
Bruce W. Klaw
900 SW Fifth Ave., Suite 2600
Portland, OR 97204
(503) 224-3380
jdsacks@stoel.com
bwklaw@stoel.com

CITY OF ALBUQUERQUE
Robert M. White, City Attorney

John E. DuBois
Assistant City Attorney
Post Office Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500
jdubois@cabq.gov