**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**THE AIR CONDITIONING, HEATING AND
REFRIGERATION INSTITUTE et al.,**

   **Plaintiffs,**

**v.**             **No. CIV-08-633 MV/RLP**

**CITY OF ALBUQUERQUE,**

   **Defendant.**

**Memorandum Opinion and Order**

   This matter comes before the court on Plaintiffs' *Renewed and Supplemented Motion for Protective Order and Stay of Discovery* (Docket No. 92) and Defendant's *Rule 56(f) Motion for Continuance of Briefing on Plaintiffs' Three Partial Summary Judgment Motions Pending Discovery*. (Docket No. 95).

   Plaintiffs seek to prevent all discovery until the District Court has ruled on its three Motions for Partial Summary Judgment[1].  Plaintiffs argue that because express preemption issues raised in each Motion are purely legal, no discovery is proper.

   Defendant has limited its request for Rule 56(f) discovery to the deposition of David Lewis, an expert Plaintiffs called at the Preliminary Injunction Hearing held October 1, 2008.  (Docket No. 105, p. 5).  Plaintiffs have cited to Mr. Lewis' Affidavit and Preliminary Injunction testimony in three paragraphs of factional contentions of their Partial Summary Judgment Motions[2].

---

[1]Motion for Partial Summary Judgment re Vol. I of the City of Albuquerque Energy Conservation Code: Commercial Covered Products.  (Docket No. 89).
   Motion for Partial Summary Judgment re Vol. II.  (Docket No. 90).
   Motion for Partial Summary Judgment on Preemptions of the City of Albuquerque's Green Building Codes: Replacements. (Docket No. 91).

[2]Docket No. 89, ¶4; Docket No. 90, ¶¶12 & 14.

The general principle of F.R.Civ.P. 56(f) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

F.R.Civ.P. 56(f) provides:

**When Affidavits Are Unavailable.** If a party opposing a motion (for summary judgment) shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)     deny the motion;
(2)     order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3)     issue any other just order.

" 'A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that explains why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"**Garcia v. U.S. Air Force**, 533 F.3d 1170, 1179 (10th Cir.2008), **(quoting Libertarian Party of N.M. v. Herrera**, 506 F.3d 1303, 1308 (10th Cir.2007)) (internal brackets and quotation marks omitted); see **Trask v. Franco**, 446 F.3d 1036, 1042 (10th Cir.2006). A party must " 'state with specificity how the additional material will rebut the summary judgment motion.' " **Libertarian Party of N.M.**, 506 F.3d at 1308-09 **(quoting Ben Ezra, Weinstein & Co. v. Am. Online Inc.**, 206 F.3d 980, 987 (10th Cir.2000)); **see also Garcia**, 533 F.3d at 1179.

The affidavit filed by Defendant in support of its Rule 56(f) motion states that discovery is necessary for the following reasons:

(1)     It will reveal that the 2007 Albuquerque Energy Conservation Code ("2007"AECC):

(a)     Is not significantly different than building energy codes adopted by other local governments across the county;

2

      (b)      Is of the type encouraged by the federal government;

      ©      is of the type that has been followed by members of the plaintiff trade associations;

      (d)      can be practically achieved without the use of high efficient heating, ventilation, air conditioning and water heater ("HVAC") products; and

      (e)      Is of the type that does not "concern" the energy efficiency of a covered HVAC product as that term has been interpreted and applied in the industry.

(Affidavit of Thomas W. Snyder, Docket No. 95, Ex. A; and Docket No. 105, p. 5-6).

With regard to Mr. Lewis specifically, Defendant states:

(T)he city desires the opportunity to depose Plaintiffs' proffered expert, David Lewis, who supported Plaintiffs' arguments that federal law does not allow for performance-based paths in the commercial context. The City submits that Mr. Lewis was demonstrably incorrect in this regard because ASHRAE itself (an organization on which Mr. Lewis claims to have served) contains a performance-based path in its published energy code. The City should not be prevented the opportunity to depose Mr. Lewis on this and other issues in his declaration.

(Affidavit of Thomas W. Snyder, Docket No. 95, Ex. A.

The affidavit submitted by Defendant does not meet the criteria set forth in F.R.Civ.P. 56(f). Specifically, Defendant does not state why it can not obtain the information it seeks from other sources.[3] It appears, rather, that Defendant seeks the deposition of Mr. Lewis in order to impeach testimony he provided at the preliminary injunction hearing. **See also Probert v. The Clorox Co.**, 2009 WL 2143582, *2 (D. Utah, July 17, 2009) (Court views with skepticism claim that party needs discovery from an opposing party's expert witness in order to identify genuine issues of fact that would preclude summary judgment.).

Accordingly, I find that Defendant has not established entitlement to a continuance under

---

[3]Defendant has retained its own experts  (Docket No. 105, p. 5) who presumably could provide all of the "facts" Defendant states it seeks from taking Mr. Lewis' deposition.

F.R.Civ.P. 56(f).

However, I also find that it would be unfair to permit Plaintiffs to rely upon the opinions of Mr. Lewis in the currently filed Partial Summary Judgment Motions without permitting Defendant to depose him on those opinions.

**IT IS THEREFORE ORDERED** as follows:

1)    Plaintiffs' Motion for Protective Order and Stay of Discovery is Granted in Part and Denied in part.

2)    Defendant's Rule 56(f) Motion is denied.

3)    Plaintiffs shall make their expert witness, Davis Lewis, available for deposition at a time mutually agreeable to the parties on or before **January 5, 2010.**

4)    Defendant may inquire into opinions expressed by Mr. Lewis and offered by Plaintiffs in support of their Motions for Partial Summary Judgment.

5)    Defendant's Response to Plaintiffs' Motions for Partial Summary Judgment shall be due **twenty-one (21) calendar days** following the taking of Mr. Lewis' deposition.

**IT IS SO ORDERED**.

**Richard L. Puglisi**
**United States Magistrate Judge**