UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

THE AIR CONDITIONING, HEATING AND
REFRIGERATION INSTITUTE, *et al.*,

      Plaintiffs,

v.                                      Civ. No. 08-633 MV/KBM

CITY OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion and Memorandum Brief for Summary Judgment: Severability [Doc. 159], Plaintiffs' Re-filed Motion for Summary Judgment: Volume I [Doc. 160], Plaintiffs' Re-filed Motion for Summary Judgment: Volume II, LEED-H, BGNM, and Mandatory Provisions [Doc. 162], Defendant's Motion for Summary Judgment [Doc. 167], and Plaintiffs' Motion to File Surreply [Doc. 179]. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that: Plaintiffs' Motion and Memorandum Brief for Summary Judgment: Severability [Doc. 159] is well-taken and will be GRANTED; Plaintiffs' Re-filed Motion for Summary Judgment: Volume I [Doc. 160] and Plaintiffs' Re-filed Motion for Summary Judgment: Volume II, LEED-H, BGNM, and Mandatory Provisions [Doc. 162] will be DENIED as moot; Defendant's Motion for Summary Judgment [Doc. 167] is not well-taken and will be DENIED; and Plaintiffs' Motion to File Surreply [Doc. 179] is well-taken and will be GRANTED.

## BACKGROUND

On September 17, 2007, the Albuquerque City Council passed a bill adopting uniform administrative and technical codes related to building and construction, including Volumes I and

II of the Albuquerque Energy Conservation Code (the "Code"). *See* Doc. 132 at 1. The Code regulates the design and construction of buildings for the effective use of energy. *Id.* at 2. Volume I applies to commercial and multi-family buildings. *Id.* Volume II applies to one and two family detached dwellings and townhouses. *Id.* Both Volumes I and II provide alternative methods for compliance: performance-based compliance paths and "prescriptive" compliance paths, which prescribe minimum efficiency standards for products that are more stringent than applicable federal standards for those products. *Id.* at 2, 7.

Plaintiffs, local and regional distributors of heating, ventilation, and air conditioning ("HVAC") and water heating products and three national trade associations that represent the manufacturers, contractors, and distributors of these products, brought suit against the City of Albuquerque (the "City") to obtain a declaratory judgment that certain provisions of Volumes I and II of the Code are preempted by federal law. *See* Doc. 25. Plaintiffs also sought injunctive relief against the enforcement of the Code, and moved for a preliminary injunction. *See* Doc. 30. After a hearing on October 1, 2008, the Court entered a Memorandum Opinion and Order on October 3, 2008, granting the preliminary injunction sought by Plaintiffs pending resolution of this case. *See* Doc. 61.

On September 4, 2009, Plaintiffs filed three renewed motions for partial summary judgment, arguing that portions of Volumes I and II of the Code are preempted by federal law: Plaintiffs' Renewed Motion and Memorandum Brief in Support of Partial Summary Judgment as to Volume I of the Code ("Volume I Motion"); Plaintiffs' Renewed Motion and Memorandum in Support of Partial Summary Judgment on Portions of Volume II ("Volume II Motion"); and Plaintiffs' Renewed Motion and Memorandum Brief for Partial Summary Judgment on Preemption of the City's Green Building Codes: Replacements ("Replacements Motion"). *See*

2

Docs. 89, 90, 91.

On September 30, 2010, the Court entered a Memorandum Opinion and Order ("September 30, 2010 Order") granting in part Plaintiffs' Volume I Motion and Volume II Motion. *See* Doc. 132. Specifically, the Court found that the prescriptive compliance path provisions in both Volumes I and II, which require the use of HVAC equipment and water heaters with efficiency standards more stringent than federal standards, are preempted by federal law. *Id.* at 6, 8. Further, the Court found that Section 404 of Volume II is also preempted by federal law, as it is based on a standard reference design that uses efficiency levels that exceed federal efficiency standards. *Id.* at 8-9. The Court denied without prejudice those portions of Plaintiffs' Volume I Motion and Volume II Motion arguing that the performance-based compliance path provisions in Volumes I and II are also preempted. *Id.* at 6-7, 9-11. The Court declined to rule on Plaintiffs' Replacements Motion until after a determination of whether the preempted prescriptive provisions are severable from the remainder of Volumes I and II, and accordingly, denied the motion without prejudice. *Id.* at 11-12.

On February 3, 2011, Plaintiffs filed a Supplemental Complaint alleging that the invalid portions of the Code cannot be severed from the remaining portions of Volumes I and II. *See* Doc. 152. Thereafter, however, the parties entered a Stipulation Regarding Non-Severability of Prescriptive Paths (the "Stipulation"), in which the City agrees that the prescriptive compliance paths within Volumes I and II of the Code are not severable from the remaining performance-based compliance paths. Doc. 157 at 1. "In other words, neither Volume[] I nor II would have been enacted by the City Council in the absence of the inclusion of the prescriptive paths." *Id.*

Based on the Stipulation, Plaintiffs have now filed a motion for summary judgment, seeking a declaration that all portions of Volumes I and II concerning HVAC equipment and

service water heating equipment are invalid ("Severability Motion"). *See* Doc. 159. Plaintiffs have also filed alternative motions to be addressed only if the Court denies the Severability Motion, arguing that, even if severable from the prescriptive compliance path provisions, the performance-based compliance path provisions of Volumes I and II are nonetheless invalid because they, too, are preempted under federal law ("Re-filed Volume I Motion" and "Re-Filed Volume II Motion"). *See* Docs. 160, 162.

The City has filed its own Motion for Summary Judgment, which is accompanied by a brief that supports its motion and opposes Plaintiffs' motions (the "City's Brief"). *See* Doc. 168. In the City's Brief, the City requests that the Court "reconsider and reverse its prior rulings" that the prescriptive options in Volumes I and II are preempted, enter summary judgment instead in the City's favor as to the lawfulness of Volumes I and II, and deny Plaintiffs' current motions in their entirety. *Id.* at 3. Following the filing of the City's reply brief in support of its motion, Plaintiffs filed a motion for leave to file a surreply, requesting permission to respond to the discussion in the City's reply brief of the proper standard on a motion for reconsideration. *See* Doc. 179.

## DISCUSSION

I. <u>Plaintiffs' Motion for Leave to File Surreply</u>

Plaintiffs filed a motion for leave to file a surreply to the City's reply brief in support of its Motion for Summary Judgment, on the ground that the City's reply brief was the first time the City discussed and cited cases discussing the standard on a motion for reconsideration. Doc. 179 at 1-2. According to Plaintiffs, fairness requires that they be allowed to file a surreply addressing the authority cited by the City in its reply brief. *Id.* at 2.

Where a reply brief presents either new legal arguments or new material to support legal

4

arguments already made, the Court has "two permissible courses of action": it may either permit a surreply or refrain from relying on the new arguments or materials in the reply brief. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1137, n.13 (10th Cir. 2003) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Here, the City states that it "did not specifically recite the standard applicable" to a motion for reconsideration in its moving brief because it "did not envision it ever would be an issue." Doc. 182 at 1. In its reply brief, however, the City includes a section entitled "Standard for Motion for Reconsideration," and includes an analysis of case law on that subject. Doc. 177 at 2-3. Accordingly, the City admittedly presents in its reply brief a new legal argument. The City's explanation for its failure to address the standard applicable to its motion until its reply brief is unavailing, as the applicability of the proper standard to the determination of any motion is critical to the Court's decision. In any event, regardless of the City's reasoning, it admittedly presented a new argument for the first time in its reply brief. For this reason, the Court will permit Plaintiffs' surreply.

II.     Plaintiffs' Severability Motion

In their Severability Motion, Plaintiffs argue that because the Court has found the prescriptive compliance path provisions of Volumes I and II to be preempted, and because the parties have now stipulated that those provisions are not severable from the performance-based compliance path provisions, as a matter of law, all of the provisions of the Code concerning HVAC and service water heating equipment are invalid and unenforceable. On this basis, Plaintiffs request summary judgment in their favor.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

5

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citations omitted).

In the September 30, 2010 Order, this Court held that the prescriptive compliance path provisions of Volumes I and II concerning HVAC and water heating equipment are preempted.[1] Where, as here, certain provisions of a statute or city ordinance have been found to be preempted, the issue of whether the preempted provisions are severable from the remainder of the statute or ordinance is a matter of state law. *Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258, 1274 (10th Cir. 2004). Under New Mexico law, a partially invalid statute or ordinance may remain in force only if, *inter alia*, "when considering the entire act it cannot be said that the legislature would not have passed the remaining part if it had known that the objectionable part was invalid." *Baca v. New Mexico Dep't of Pub. Safety*, 2002-NMSC-017, ¶ 8, 132 N.M. 282, 47 P.3d 441.

Here, the parties have stipulated, and in the City's Brief, the City concedes, that neither Volume I nor II of the Code would have been enacted by the City Council in the absence of the inclusion of the prescriptive compliance paths, and that, accordingly, the prescriptive compliance

---

[1] As discussed below, the Court declines to reconsider this ruling.

paths are not severable from the remaining performance-based compliance paths. *See* Doc. 157; Doc. 168 at 42. Based on these undisputed facts, under New Mexico law, the performance-based compliance path provisions of the Volumes I and II may not remain in force. Accordingly, those provisions, to the extent they concern HVAC and water heating equipment, are invalid as a matter of law. Plaintiffs thus are entitled to summary judgment in their favor on Plaintiffs' Severability Motion.

III.	Plaintiffs' Re-filed Volume I Motion and Re-filed Volume II Motion

Plaintiffs submitted two alternative motions to the Court to be decided in the event their Severability Motion were to be denied. Specifically, in their Re-filed Volume I Motion and Re-filed Volume II Motion, Plaintiffs argue that even if the prescriptive compliance path provisions were to be found severable and thus to remain in force, they, too, are preempted by federal law. *See* Docs. 160, 162. The City opposes these motions. *See* Doc. 168 at 26-45. As set forth above, however, Plaintiffs' Severability Motion will be granted. In light of the Court's ruling that the performance-based compliance path provisions are invalid because they are not severable from the prescriptive compliance path provisions, the Court need not reach the issue of whether the performance-based compliance path provisions are independently subject to preemption. Accordingly, Plaintiffs' Re-filed Volume I Motion and Re-filed Volume II Motion will be denied as moot.

IV.	The City's Motion

Although the City did not identify its motion as a motion for reconsideration, the City explicitly states that it "is requesting that the Court reconsider and reverse its prior rulings," and on the basis of that reconsideration and reversal, declare as a matter of law that the prescriptive and performance compliance path provisions of Volumes I and II of the Code are lawful. Doc.

168 at 3. Accordingly, the Court must apply to the City's motion the standard applicable to a motion for reconsideration.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 242189, *19 (D.N.M. June 2, 2011). When a party seeks to obtain reconsideration of a non-final order, such as this Court's order granting partial summary judgment to Plaintiffs, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 983 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although the Court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 242189 at *19, "as a rule [the Court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citation omitted). Tenth Circuit case law is clear that a motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Oklahoma*, 516 F.3d 1217, 1224 (10th Cir. 2011) (finding district court did not abuse its discretion in denying motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple); *Otero v. Nat'l Distrib. Co., Inc.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds

warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 627 F. Supp. 2d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Under this standard, the City has failed to present grounds warranting reconsideration of the Court's decision that the prescriptive compliance path provisions of Volumes I and II of the Code are preempted by federal law. The City does not identify any intervening change in the controlling law, any new evidence previously unavailable, or any clear error made by this Court in its September 30, 2010 Order. Nor does the City argue that the Court misapprehended the facts, the City's position, or the controlling law. Rather, the City's Brief simply reargues issues previously litigated by the parties and decided by the Court, namely, the applicable standard for preemption and whether Volumes I and II "concern" the energy efficiency of covered products. These issues were squarely before the Court, and were decided by the Court, when it granted summary judgment to Plaintiffs with regard to the prescriptive compliance path provisions of Volumes I and II. *See* Doc. 132 at 3-6, 7-9. Indeed, the arguments presented by the City in support of its request for reconsideration are virtually the same as those presented by the City in its original briefs in opposition to Plaintiffs' Volume I Motion and Volume II Motion. *See* Doc. 118 at 20-22; 43-46; 39-41; Doc. 116 at 11. Because the City thus has failed to present a compelling basis for this Court to revisit the September 30, 2010 Order, in the interest of fairness and judicial economy, the Court declines to exercise its discretion to reconsider its decision that the prescriptive compliance path provisions of Volumes I and II of the Code are preempted by federal law. Based on the Court's prior ruling, to the extent the City's Motion for Summary

Judgment seeks a declaration that the prescriptive compliance path provisions of both volumes are lawful, that Motion must be denied.

The remainder of the City's Brief is devoted to arguing that the performance-based compliance path provisions of Volumes I and II are not preempted. Specifically, the City argues that: (1) the performance-based compliance path provisions are exempt from preemption as to "new construction" under a statutory exception; (2) those provisions are also valid as to "replacements;" and (3) even if the provisions are preempted as to replacements, the provisions remain valid as to new construction because the replacements provisions are severable from the new construction provisions. *See* Doc. 168 at 26-42.

These arguments, however, would be relevant only if the Court were to find, in the first instance, that the performance-based compliance path provisions are severable from the prescriptive compliance path provisions. Because, as discussed above, the Court instead finds that these provisions are *not* severable, the performance-based compliance path provisions are invalid and unenforceable, as to both new construction and replacements. Accordingly, whether the performance-based compliance path provisions would be independently preempted as to new construction, replacements, or both, and whether those provisions would be severable as between new construction and replacements, is of no import. To the extent the City's Motion for Summary Judgment seeks a declaration that the performance-based compliance path provisions of both volumes are lawful, that Motion must be denied.

## **CONCLUSION**

Because the City included a new legal argument in its reply brief, Plaintiffs were entitled to file a surreply. Because the City failed to present grounds warranting reconsideration of the Court's September 30, 2010 Order, the Court declines to reconsider the rulings in that Order.

Because, as decided in that Order, the prescriptive compliance path provisions of Volumes I and II of the Code are preempted by federal law, and because those provisions are not severable from the performance-based compliance path provisions, the performance-based compliance path provisions concerning HVAC and water heating equipment are invalid and unenforceable.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion and Memorandum Brief for Summary Judgment: Severability [Doc. 159] is **GRANTED**; Plaintiffs' Re-filed Motion for Summary Judgment: Volume I [Doc. 160] and Plaintiffs' Re-filed Motion for Summary Judgment: Volume II, LEED-H, BGNM, and Mandatory Provisions [Doc. 162] are **DENIED** as moot; Defendant's Motion for Summary Judgment [Doc. 167] is **DENIED**; and Plaintiffs' Motion to File Surreply [Doc. 179] is **GRANTED**.

DATED this 25th day of January, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge